**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CARLOS LAMAR JACKSON,** | } | |
| | } | |
| **Petitioner,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:16-cv-08151-RDP** |
| | } | **2:15-cr-00084-RDP-HGD** |
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Respondent.** | } | |

## MEMORANDUM OPINION

This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. # 1). Petitioner, acting *pro se*, moves to vacate, set aside, or correct the sentence he received in case 2:15-cr-84-RDP-HGD. After careful review, the court concludes Petitioner's claims are due to be denied and that the action be dismissed with prejudice.

## I.      Background

Petitioner was indicted on August 27, 2014 in an indictment charging him with illegal possession of two firearms. *See* 7:14-cr-276-RDP-HGD (the "gun case"). While the gun case was pending, Petitioner cooperated with the Government and provided information regarding a bank fraud scheme in which he participated and for which he was charged. *See* 2:15-cr-84-RDP-HGD (the "bank fraud case"). The Government reached a plea agreement with Petitioner in the bank fraud case. Pursuant to that agreement, Petitioner agreed to enter a guilty plea to one count of conspiracy to commit bank fraud and one count of aggravated identity theft in the bank fraud case. (Doc. # 6-1 at p. 2).

The Government also agreed to proceed with the gun case and the bank fraud case sentencing on the same date, and Petitioner was sentenced in both cases on September 28, 2015.

(Gun Case, Minute Entry on 9/28/2015; Bank Fraud Case, Minute Entry on 9/28/2015). The Government moved for a downward departure in the gun case pursuant to 5K1.1 based on Petitioner's cooperation providing information regarding the bank fraud case. (Doc. # 6-1 at pp. 6-8). On September 28, 2015, the court granted the Government's motion for downward departure in the gun case, and sentenced Petitioner to a custodial sentence of 34 months as to Count 1 and 36 months as to Count 2 to be served concurrent with any sentence imposed in the bank fraud case. (Gun Case, Minute Entry on 9/28/2015). In the bank fraud case, the court imposed a custodial sentence of 34 months as to Count 1 to be served concurrent with any sentence imposed in the gun case and 24 months as to Count 2 to be served consecutive. (Bank Fraud Case, Minute Entry on 9/28/2015). Accordingly, the total sentence imposed was 58 months for both cases.

## II.    Discussion

In his Motion, Petitioner contends that he is entitled to relief because the Government did not move for a sentence reduction, in spite of Petitioner's cooperation. (Doc. # 1 at p. 4). However, in his brief in support of his Motion, and in his reply brief, Petitioner argues that the Government filed a motion for a downward departure based on his assistance, but did not inform the court of the full extent of his cooperation. (Doc. # 2 at p. 4; Doc. # 11 at pp. 1-2). Petitioner is not entitled to relief under either theory.

Analysis of Petitioner's claim is muddied by the fact that Petitioner was sentenced in two separate cases on the same day, and his cooperation in the gun case included a discussion of his involvement in the bank fraud case. To be clear, in his motion, Petitioner identifies case number 2:15-cr-84-RDP-HGD-1 (the bank fraud case) as the case (and sentence) from which he seeks relief in his Petition. (*See* Doc. # 1 at p. 1). However, because Petitioner does not clearly

delineate between the plea agreements entered in the separate cases and the different sentences that he received, the court will give him the benefit of any doubt and address each of his arguments, in turn.

### A. Petitioner is Not Entitled to Relief Because of Any Failure to File a Departure Motion in the Bank Fraud Case

While Petitioner and the Government entered a plea deal in the bank fraud case, that agreement did not include a cooperation agreement or any other terms under which the Government was obligated to file a motion for downward departure in that case. (*See* Doc. # 6-3). Accordingly, to the extent that Petitioner contends that the Government breached the plea agreement by failing to file a motion for downward departure in *the bank fraud case*, he raises no right to relief.

But even if Petitioner's § 2255 motion could also be construed to seek relief based on the Government's failure to move for a sentence reduction in the bank fraud case, there is no basis for awarding it.[1] The Government has the discretion to move for a departure from the Guidelines if a defendant "provided substantial assistance in the investigation or prosecution of another person who has committed an offense. U.S.S.G. § 5K1.1; *Wade v. United States*, 504 U.S. 181, 185 (1992) (under § 5K1.1, the Government has a "power, not a duty, to file a motion when a defendant has substantially assisted). Indeed, review of the Government's decision not to file a substantial assistance motion is limited to those cases which allege an unconstitutional motive. *Wade*, 504 U.S. at 185-86 (reasoning that a prosecutor's refusal to file a substantial assistance motion because of the defendant's race or religion could form the basis of an unconstitutional

---

[1] The distinction between the two potential theories addressed above relates to the circumstances in which the Government's purported duty to move for a sentence reduction in the bank fraud case arises. As addressed above, Petitioner's § 2255 motion is due to be dismissed regardless of whether Petitioner contends that the Government was obligated to file such a motion (1) based on its plea agreement or (2) due to some independent duty arising from the Constitution or federal law.

motive); *United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000) (noting that *Wade* limited the free exercise of the government's discretion under § 5K1.1 only to the extent that the government cannot exercise that discretion for an unconstitutional motive).

Here, Petitioner has not alleged that the Government had some unconstitutional motive behind a decision not to file a substantial assistance motion in the bank fraud case. In fact, Petitioner does not ascribe any motive to the Government at all. Instead, at best, his Petition can be construed only to allege that he provided substantial assistance in the bank fraud case, but the Government did not file a motion for downward departure in that case. This allegation does not provide any basis for habeas relief for at least three reasons.

First, the plea agreement in the bank fraud case did not provide for a 5K1.1 motion to be filed in that case. Thus, the Government was not contractually obligated to file such a motion. Second, the agreement did not provide for filing of a motion under 18 U.S.C. § 3553(e) related to the mandatory minimum sentence Petitioner faced with respect to Count 2 in the bank fraud case. Absent such a motion, and even if a 5K1.1 motion had been filed, the court would not have had the authority to depart below the 24 month mandatory minimum. *United States v. Melton*, No. 15-15738, 2017 WL 2926589, at *6 (11th Cir. July 10, 2017). Finally, even if a departure motion had been filed in the bank fraud case and the court had departed under § 5K1.1, any reduction in Petitioner's sentence related to Count 1 in that case would *not* have reduced his sentence (which was to be concurrently served) related to Count 1 in the gun case. In other words, a § 5K1.1 departure in the bank fraud case would not have reduced the total time Petitioner served in the bank fraud case and the gun case.

**B.** **Petitioner is Not Entitled to Relief Because of Any Failure of the Government to Properly Present the Departure Motion in the Gun Case**

Petitioner's briefing can also be construed to seek relief based on his plea agreement in the gun case. In that case, Petitioner received a substantial assistance departure. The plea agreement detailed the terms of Petitioner's agreement to cooperate with the Government. (Doc. # 6-2 at pp. 4-5). In exchange for such cooperation, the Government agreed to file a motion requesting a downward departure – so long as Petitioner's assistance rose to the level of "substantial assistance."[2] (*Id.* at p. 5). And, Petitioner agreed "that the decision as to the degree or extent of the downward departure requested, if any, also lies in the sole discretion of the United States Attorney's Office." (*Id.* at p. 5).

In his briefing, Petitioner argues that the Government did not hold up its end of the plea agreement, because at sentencing it did not fully inform the court of Petitioner's cooperation. Specifically, he contends that while the Government confirmed to the court that one third party conviction had resulted from his cooperation, it did not inform the court of another arrest that resulted because of his cooperation. (Doc. # 2 at p. 4). And, in his reply brief, Petitioner acknowledges that the Government filed a substantial assistance motion in the gun case, but contends that (1) his cooperation lead to the conviction of Tieuanekia Dates (in addition to the convictions mentioned in the Government's motion), yet (2) the Government did not tell the court.[3]

In the Government's Motion for Downward Departure, filed in the gun case on September 25, 2015, it informed the court that:

---

[2] This is consistent with Petitioner's brief in support of his Motion, which contends that Assistant U.S. Attorney Robin Mark "informed [Petitioner] that if he cooperated fully that she would recommend a sentence reduction if the information was useful." (Doc. # 2 at p. 3).

[3] Petitioner concludes his reply brief by "requesting that the Government further move[] this Court for a greater departure of his sentence due to the resulting conviction from his assistance." (Doc. # 11 at p. 2).

> The Defendant provided information and statements regarding the manner and means of the scheme employed by the Defendant. These statements by the Defendant verified information already known to the Government and corroborated information provided by other witnesses. The Defendant was shown numerous photographs of persons who were involved in the bank fraud scheme and he was able to identify the persons and describe their involvement in the scheme. Additionally, the Defendant identified one individual who purchased one of the guns as a straw purchaser for the Defendant that was charged in the Gun Case. The information provided by the Defendant has currently led to the prosecution of two other defendants, (*U.S. v. Brown*, 2:15-cr-75) and (*U.S. v. Henry*, 7:15-cr-300) and there are several other potential targets identified by the Defendant that are still currently under investigation. The Defendant has expressed a willingness to continue to cooperate with the Government.

(Doc. # 6-1 at pp. 7-8). As noted above, the Government has substantial discretion to elect whether to file a motion for downward departure based on a defendant's substantial assistance. *Wade*, 504 U.S. at 185. In the gun case, the Government agreed to file a motion for downward departure if Petitioner provided substantial assistance, but the Plea Agreement provided that "the decision as to the degree or extent of the downward departure requested, if any, lies in the sole discretion of the United States Attorney's Office." (Doc. # 6-2 at p. 5). Again, Petitioner does not allege that the Government failed to file a substantial assistance motion in the gun case; rather, he contends that the Government erred by not disclosing the full extent of his cooperation. But that argument is off the mark.

To the extent that Petitioner's Motion seeks relief based on the scope of his substantial assistance motion in the gun case, it is due to be denied. Again, under a strict reading of his pleadings, Petitioner's Motion challenges only his conviction in the bank fraud case (2:15-cr-84-RDP-HGD). Accordingly, under such a reading, his averments regarding the Government's conduct in the gun case -- the case in which the Government actually filed a substantial assistance motion -- are beyond the scope of the present motion.

Moreover, even if the court could properly consider Petitioner's contention that the Government did not fully inform the court of Petitioner's cooperation, that claim would not warrant § 2255 relief. The Government may certainly enter into a plea deal which requires it to provide the court with information about the full extent of a defendant's cooperation. *See United States v. Mancilla*, 226 F. App'x 941, 943 (11th Cir. 2007) (reviewing a plea agreement that obligated the Government to make known the "nature and the extent" of the defendant's cooperation). But, here, the Plea Agreement in the gun case vested the Government with discretion regarding the degree or extent of any downward departure requested. (Doc. # 6-2 at p. 5). Accordingly, Petitioner's contention that the Government informed the court of some, but not all, of his assistance during the gun case sentencing does not warrant habeas relief on a "breach of plea agreement" theory.[4]

In addition, Petitioner contends in his reply brief that the Government failed to inform the court that his cooperation led to the conviction of Tieuanekia Dates (1:16-cr-14-RDP-HGD). The Government filed its Motion for Downward Departure in the gun case on September 25, 2015. (7:14-cr-276-RDP-HGD, Doc. # 22). The sentencing hearing was conducted on September 28, 2015. Dates was charged by an Information and entered a Plea Agreement on January 27, 2016. (1:16-cr-14-RDP-HGD, Docs. # 1, 2). Accordingly, the Government could not have informed the court about Dates's conviction prior to Petitioner's sentencing. Further, Petitioner has not alleged any reason to believe that the Government's representation in its

---

[4] Our Circuit has addressed similar arguments in cases on direct appeal. *United States v. Loaiza–Quintana*, 655 F. App'x 763, 764 (11th Cir. 2016) (finding that, even if the Government insufficiently informed the district court of the nature and extent of the defendant's cooperation, the defendant's substantial rights were not affected because the district court generally knew that the defendant cooperated with law enforcement and credited the defendant with a downward variance); *United States v. Martin*, 441 F. App'x 698, 703 (11th Cir. 2011) (finding that any failure to advise the court of the extent of the defendant's cooperation did not affect the defendant's substantial rights where the plea agreement and factual proffer were part of the record for the district court's review). This reasoning is similarly relevant in the § 2255 context, and Petitioner's contention that the Government informed the court of some, but not all, of his cooperation does not warrant relief here.

substantial assistance motion that "there are several other potential targets identified by the Defendant that are still currently under investigation" was false.

Finally, relief under § 2255 is reserved for those who claim:

the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack

28 U.S.C. § 2255. While Dates was convicted after Petitioner received his sentence, this simply does not entitle Petitioner to a new sentence or habeas relief. The Government informed the court that further investigations -- informed by Petitioner's cooperation -- were ongoing at the time of his sentencing. It was not obligated by the Plea Agreement (or the laws of the United States) to return to this court and file a second motion for a downward departure now the Government has secured another conviction based, in part, on Petitioner's cooperation.

While not mentioned in his Petition, the court notes that Federal Rule of Criminal Procedure 35 provides Petitioner no relief. Rule 35(a) allows the court to correct an arithmetical, technical, or other clear error within fourteen days after sentencing. Here, Petitioner has not alleged any clear error in his original sentence, and his Petition was filed more than fourteen days after his sentencing. Moreover, Petitioner is not entitled to relief under Rule 35(b). Rule 35(b)(1) provides that the Government may move the court to reduce a sentence if the defendant provided substantial assistance in prosecuting another person if the assistance occurred *after sentencing*. Fed. R. Crim. P. 35(b)(1). In his briefing, Petitioner contends that he provided the Government with information on two separate occasions, both *before* he was sentenced. (Doc. # 2 at pp. 3-4). Dates was not convicted until after he was sentenced, so there is at least a substantial question as to whether the Government would even be permitted to file a motion for a

sentence reduction under Rule 35(b) based on that development. Petitioner has not alleged that he provided any assistance after he received his sentence.

## III.     Petitioner's Other Motions are Due to be Denied

Since filing his § 2255 Motion, Petitioner has filed a Motion seeking an evidentiary hearing and appointment of an attorney (Doc. # 12) and a separate Motion (Doc. # 13) requesting the court to enter an order regarding that earlier motion. Petitioner argues that he has set forth facts which, if true, would entitle him to relief. (Doc. # 12 at p. 2). For the reasons stated above, the court disagrees. Petitioner's request for an evidentiary hearing is due to be denied because on the face of his Petition and the record in these two cases he is not entitled to relief. No evidence produced at a hearing would change that result. Finally, a plaintiff in a civil case has no constitutional right to counsel," *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999), and the appointment of counsel "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). No such circumstances are present here. Accordingly, Petitioner's request for counsel is due to be denied.

Petitioner's May 10, 2017 Motion requests a "response" to his previously filed Motion (Doc. # 12). The court has addressed Petitioner's April 5, 2017 Motion in this opinion. Accordingly, Petitioner's May 10, 2017 Motion is due to be administratively terminated as moot.

**IV.    Conclusion**

For the reasons stated above, Petitioner's Motions (Docs. # 1, 12) are due to be denied, and his Motion (Doc. # 13) is due to be administratively terminated as moot.  A separate order will be entered.

**DONE** and **ORDERED** this July 14, 2017.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE